# EXHIBIT A

RECEIVED DEC 1 9 2017

*I.*

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT
C.A. NO. 1783CV01305.B

)
LAURINDA FERNANDES, )
    Plaintiff, )
)
v. )
)
ZWI HOCH, M.D., and GOOD )
SAMARITAN MEDICAL CENTER/ )
STEWARD HEALTH CARE, )
    Defendants. )
                      )

**COMPLAINT AND
JURY CLAIM**



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

DEC 1 9 2017

Clerk of Court

### I. **PARTIES**

1.    Plaintiff Laurinda Fernandes ("Ms. Fernandes") is an individual residing in Brockton, Plymouth County, Massachusetts.

2.    Defendant Zwi Hoch, M.D. ("Dr. Hoch") is a physician duly licensed in Massachusetts specializing in obstetrics and gynecology, with a principal place of business at 824 Oak Street, Brockton, Plymouth County, Massachusetts.

3.    Good Samaritan Medical Center/Steward Health Care ("Good Samaritan") is a private hospital operating in the Commonwealth of Massachusetts with a registered agent for receipt of service at 824 Oak Street, Brockton, Plymouth County, Massachusetts.

4.    At all times material to this matter, a physician/patient relationship existed between Plaintiff Ms. Fernandes and Defendant Dr. Hoch.

5.    At all times material to the matter, Defendant Dr. Hoch was an agent, servant, and/or employee of Defendant Good Samaritan/Steward.

## II. <u>FACTUAL ALLEGATIONS</u>

6.     Ms. Fernandes came under the care of Defendant Zwi Hoch, M.D. and Defendant Good Samaritan Medical Center/Steward Health Care in October 2014 when she presented with symptoms of uterine fibroids causing persistent vaginal bleeding leading to anemia.

7.     On December 19, 2014, Defendant Zwi Hoch, M.D., performed a full vaginal hysterectomy surgery with bilateral salpingectomy ("the first surgery") at Good Samaritan Medical Center, A Steward Family Hospital, in Brockton, Plymouth County, Massachusetts.

8.     Per Defendant Dr. Hoch's operative notes for this first surgery on December 19, 2014, he stated that he removed Ms. Fernandes's uterus and both fallopian tubes through the vagina and that the surgery was completed without apparent complications.

9.     When Ms. Fernandes woke up following surgery, she was inflamed and swollen, and despite having checked in for day surgery, she was admitted for overnight observation due to the complications.

10.     The following day on December 20, 2014, Ms. Fernandes was unable to produce urine and was noted to be in acute kidney failure. A CT scan showed that both of her ureters and both kidneys were swollen due to an obstruction and/or obstructions that kept urine from passing freely into her bladder.

11.     Ms. Fernandes was seen by Good Samaritan/Steward urologist Dr. Lopushnyan that same day on December 20, 2014 who recommended an emergency second surgery to relieve the blockage.

12.     During this emergency corrective second surgery on December 20, 2014, also at Good Samaritan/Steward, Dr. Lopushnyan discovered that the top of Ms. Fernandes's bladder, where both ureters enter the bladder, had been "bunched up" from multiple stiches Defendant Dr.

2

Hoch had placed negligently and inappropriately into the bladder during the first surgery the day before and that these stiches had caused the blockages of both ureters.

13.     At this point, Dr. Hoch was called into this emergency corrective second surgery on December 20, 2014 to remove the stitches he had negligently placed. However, Dr. Hoch was unable to find the specific stitches causing the blockages.

14.     Consequently, a second gynecologist specializing in pelvic reconstructive surgery, Dr. Merchia, had to be called in to find and remove those stitches during the emergency corrective surgery on December 20, 2014.

15.     Dr. Merchia was able to remove the negligently placed stitches to relieve the blockage, and Dr. Lopushnyan then placed stents in both ureters to allow them to heal. The stents were not removed until six weeks later.

16.     Following and because of these two surgeries on December 19 and 20, 2014, Ms. Fernandes developed chronic pelvic pain. She returned to Good Samaritan/Steward on multiple occasions during the next several months and continued to suffer from chronic pelvic pain, as well as difficulty with physical activity due to that pain.

17.     Finally, in the summer of 2016, having obtained no relief through treatment at Good Samaritan/Steward, Ms. Fernandes sought further medical care at Brigham and Women's Hospital in Boston, Massachusetts ("Brigham and Women's").

18.     On August 10, 2016, almost two years after Dr. Hoch's initial surgery, Ms. Fernandes had to undergo a third surgery to rule out an entrapped fallopian tube, as her doctors at Brigham and Women's believed that her chronic pelvic pain could have been caused by fimbriae of the left fallopian tube having been stitched into the vagina during the December 19, 2014 surgery performed by Defendant Dr. Hoch.

19.     During that surgery on August 10, 2016 ("the third surgery"), it was discovered that, despite Dr. Hoch's statement in his operative note that both fallopian tubes had been removed in their entirety, the left fallopian tube had not been removed, had been sutured to the vagina and/or to the bladder, and was distended/dilated causing bleeding and pain.

20.     Despite this third surgery on August 10, 2016, Laurinda Fernandes continues to suffer from chronic pelvic pain on a daily basis and is still being treated at Brigham and Women's, hoping to find treatment to alleviate her pain.

21.     Mr. Fernandes's ongoing pain is a direct result of the negligence of Dr. Hoch during the surgery of December 19, 2014, in suturing both ureters into the bladder, in failing to remove her left fallopian tube, and in suturing a portion of that tube to the vagina and/or the bladder.

22.     In order to support her family, Ms. Fernandes has had to return to work, despite the physical and emotional suffering she endures. She is unable to exercise or lift heavy objects and is unable to engage in any sexual activities due to severe pain. She cannot enjoy her life with her three children as she had prior to the December 19, 2014 surgery.

23.     During the surgery performed on December 19, 2014, Defendant Dr. Hoch had a legal duty to exercise the degree of care and skill of the average qualified physician practicing in the specialty of obstetrics and gynecology.

24.     Defendant Dr. Hoch breached his legal duty of care during the surgery of December 19, 2014.

25.     Defendant Good Samaritan/Steward had a legal duty to Ms. Fernandes to provide her with accepted and appropriate medical treatment during the surgery of December 19, 2014.

4

26.   Defendant Good Samaritan/Steward breached this legal duty of care by allowing Dr. Hoch to perform the surgery of December 19, 2014, which he performed in a negligent manner, and breached its duty of care in other respects as well.

27.   Defendant Good Samaritan/Steward is vicariously liable to Ms. Fernandes for the negligence of Defendant Zwi Hoch, M.D.

28.   As a direct result of Defendant Dr. Hoch's breach of his duty to exercise the degree of care and skill as required by law, Plaintiff Laurinda Fernandes was caused: 1) to sustain past, present, and future serious and permanent injuries; 2) to sustain past, present, and future severe and long-lasting pain and suffering; 3) to require past, present, and future corrective surgeries and additional medical treatment; 4) to incur substantial medical expenses; and 5) to incur past, present, and future lost income and/or earning potential.

### COUNT I—NEGLIGENCE
### Laurinda Fernandes v. Zwi Hoch, M.D.

29.   Plaintiff Laurinda Fernandes repeats, realleges, and incorporates by reference the preceding paragraphs as if fully restated herein.

30.   This is a cause of action by Plaintiff Laurinda Fernandes, alleging negligence/medical malpractice against Defendant Zwi Hoch, M.D.

WHEREFORE, Plaintiff Laurinda Fernandes demands judgment against Defendant Zwi Hoch, M.D. for the full and fair value of her damages, plus interest and costs of this action.

## COUNT II—NEGLIGENCE
### Laurinda Fernandes v. Good Samaritan Medical Center/
### Steward Health Care

31. Plaintiff Laurinda Fernandes repeats, realleges, and incorporates by reference the preceding paragraphs as if fully restated herein.

32. This is a cause of action by Plaintiff Laurinda Fernandes, alleging negligence/medical malpractice against Defendant Good Samaritan Medical Center/Steward Health Care.

WHEREFORE, Plaintiff Laurinda Fernandes demands judgment against Defendant Good Samaritan Medical Center/Steward Health Care for the full and fair value of her damages, plus interest and costs of this action.

## COUNT III—VICARIOUS LIABILITY
### Laurinda Fernandes v. Good Samaritan Medical Center/
### Steward Health Care

33. Plaintiff Laurinda Fernandes repeats, realleges, and incorporates by reference the preceding paragraphs as if fully restated herein.

34. This is a cause of action by Plaintiff Laurinda Fernandes, alleging vicarious liability against Defendant Good Samaritan Medical Center/Steward Health Care for the negligence of Defendant Zwi Hoch, M.D.

WHEREFORE, Plaintiff Laurinda Fernandes demands judgment against Defendant Good Samaritan Medical Center/Steward Health Care for the full and fair value of her damages, plus interest and costs of this action.

## JURY CLAIM

Plaintiff Laurinda Fernandes hereby claims a jury trial as to the determination of all factual issues presented in this case.

Respectfully submitted,
Plaintiff Laurinda Fernandes,
By her attorneys,

Joseph L. Doherty, Jr., Esq., BBO No. 127280
Jacqueline B. Doherty, Esq., BBO No. 692123
The Doherty Law Firm
330 Trade Center, Suite 2700
Woburn, MA 01801
T. (617) 721-2496
F. (617) 603-0092
joseph@dohertylaw.com
jacqueline@dohertylaw.com

Date:  December 18, 2017